IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:20-cv-03792-MEH

GAVINO LUCERO,

    Plaintiff,

v.

SAFEWAY INC., A DELAWARE
CORPORATION and SEDGWICK
CLAIMS MANAGEMENT SERVICES, INC.

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

---

COMES NOW Plaintiff Gavino Lucero ("Plaintiff"), by and through counsel, the Law Offices of John D. Halepaska, and responds to Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick")'s Motion to Dismiss Plaintiff's Second Amended Complaint, as follows:

**I.  SUMMARY**

Plaintiff is voluntarily dismissing the outrageous conduct/Intentional infliction of Emotional Distress and FMLA violations cause of action against

Sedgwick *only*. In addition, Plaintiff will be seeking to add a claim for negligence as to training, supervision, and retention in a forthcoming Third Amended Complaint which shall be necessary to conform the facts to the evidence now on record. Plaintiff contends that the civil conspiracy cause of action against Defendant Sedgwick is pled with the support of sufficient non-conclusory factual allegations as to each element under Colorado law .

## II. Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(6), a plausibility standard applies which only requires is a "statement of the claim showing that the pleader is entitled to relief." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). The court must "accept as true" all of a plaintiff's factual allegations and "view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124–25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff is not required to plead facts or allegations to address minute technicalities; rather, a plaintiff need only provide the sufficient factual allegations for a court to <u>*infer* a *potential* victory</u>, *Smith*, 561 F.3d at 1103–04, while "all reasonable inferences are indulged in favor of the plaintiff[]." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

Rule 8(a) "still lives" so "specific facts are not necessary" at this stage. *Id.*; *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "[R]equiring a plaintiff to know all of the exact details of his claim 'is one small step shy of requiring production of actual documentation with the complaint, a level of proof not demanded to win at trial and significantly more than any federal pleading rule contemplates.' " *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1161 (10th Cir. 2018) (citation omitted). The Court "may not dismiss on the ground that it appears unlikely the allegations can be proven true." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

When evaluating a Rule 12(b)(6) motion it is proper for a court to consider the following items: (i) the complaint itself along with attached exhibits; (ii) documents incorporated into the complaint by reference, and (iii) documents only referenced but not incorporated in the complaint if such documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(internal authority and citations omitted).

New arguments in a reply brief are off-limits and should not be considered. *United States v. Murray*, 82 F.3d 361, 363 (10th Cir. 1996) ("We decline to consider arguments raised for the first time in a reply brief.").

### III. Argument

Sedgwick seeks to dismiss all claims pled against the company in Plaintiff's Second Amended Complaint. Plaintiff acknowledges there are certain deficiencies in the pleading but of more import is that the Rule 26(a)(1) initial disclosures in this matter show additional facts and evidence support the imposition of liability for both Safeway and Sedgwick. Further, the liability attaching to Sedgwick is now apparent to occur through not only a civil conspiracy but also through the independent negligence of Sedgwick which creates an avenue to relief for Plaintiff that is separate and independent of the FMLA and civil rights-related claims against Safeway.

#### a. Amendment to conform to the evidence will be appropriate

Plaintiff will be seeking to add a claim for negligence as to training, supervision, and retention to the extent Sedgwick failed to provide its employees the resources, leadership, or punishment that would and should have been implemented by a reasonable benefits administrator in the circumstances. previously unforeseen liability to Plaintiff exists for Sedgwick. Plaintiff located numerous audio recordings of conversations with both Safeway and Sedgwick personnel. These recordings make clear that Sedgwick is a proper party to this action and liability under previously unknown causes of action is appropriate in this

instance. There is also a bevy of entries in claims files produced by Sedgwick which show the frequency of corrections being necessary to fix the issues certain Sedgwick employees created by failing to correctly calculate FMLA benefits for Plaintiff.

Namely, Sedgwick was at *minimum* negligent in its hiring, training, supervision, and/or retention of personnel who could not discern how to accurately calculate Plaintiff's FMLA benefits or accurately communicate this information to Plaintiff such that it resulted in a denial of his rights and numerous adverse employment actions. Plaintiff intends to file this motion tomorrow but in no event no later than Friday, October 1, 2021. Plaintiff has fully conferred with the Defendants on a number of amendments that are either necessary based on evidence adduced or will be supported by the growing evidentiary record. Defendants are in possession of a detailed explanation for each proposed amendment and Plaintiff will continue to welcome their input prior to filing the motion to amend.

### IV. SEDGWICK'S LIABILITY

Sedgwick had a duty to Plaintiff as the third-party benefits administrator of his FMLA benefits while Plaintiff was a disabled individual under the ADA and also entitled to FMLA leave per his hours worked in the preceding 365-day period

at a given relevant time. Sedgwick also was utilized by Safeway for only this specific purpose: accurately administering FMLA leave for Safeway employees.

### a. Civil Conspiracy

#### i. Plaintiff has a viable theory of liability

Sedgwick is liable for the damages incurred due to every foreseeable outcome of the civil conspiracy it engaged in with Safeway and possibly others. Plaintiff continues to confer with Sedgwick about the propriety of a civil conspiracy claim. The simplest way to understand the reasoning for this claim is to envision Plaintiff's FMLA rights as the treasure in a bank vault. Safeway plans to plunder this vault and destroy Plaintiff's FMLA rights and deny Plaintiff access to them. To accomplish this bank robbery, Safeway employs Sedgwick for the sole purpose of driving the getaway car. Sedgwick is a professional driver who is employed by Safeway to drive people to the bank, including driving Plaintiff to the bank as well as assisting with Plaintiff's access to the rights in the vault.

Sedgwick knows Safeway has a relationship with Plaintiff wherein Safeway is to safeguard the vault and ensure Plaintiff has access to its contents. Sedgwick is unaware, perhaps purposefully so, of the acts Safeway intends to do and/or actually does while inside the bank. Sedgwick may or may not be aware that Safeway intends to harm Plaintiff, but Sedgwick knows that Plaintiff is entitled to whatever

rights are contained in the vault and that Safeway ostensibly is going to the bank to ensure the vault is secure.

Sedgwick continues to drive Plaintiff to the vault while also separately driving Safeway there. On several occasions before and after entering the bank, Safeway instructs Sedgwick to park in a no parking zone, disobey traffic signals, and disregard the speed limit. Sedgwick knows these acts are against the law and partakes in them anyway.

Sedgwick is involved in a conspiracy in this scenario where it would be charged with responsibility for the acts Safeway commits in the bank despite Sedgwick not actively participating. This analogy corresponds to Sedgwick's participation in the civil conspiracy to violate the FMLA and deny Plaintiff his leave rights, while Safeway plots to illegally terminate Plaintiff's employment and use Sedgwick as its accomplice in making this a reality.

### ii. Evidence in support

Plaintiff's continuing investigation of the nature of Sedgwick's liability shows further support exists through evidence of the acts of Sedgwick in assisting and/or allowing Safeway that violated the law and denied Plaintiff his rights. This amount to a civil conspiracy. The additional support includes material seen in Fed. R. Civ. P. 26(a)(1) Initial Disclosure material developed by Plaintiff and disclosed by

Sedgwick and Safeway. Discovery is expected to produce significant and invaluable evidence alluded to in the Parties' Initial Disclosures.  Sedgwick alleges that "Safeway was the only entity who possessed the power to control Lucero's work and employment." <u>Mtn. to Dismiss at ¶7.</u> This is clearly disproven by the items contained in Plaintiff's Initial Rule 26(a)(1) disclosures. Even if this were true, Sedgwick had a certain ability to affect Plaintiff's employment. For instance, there is a conversation between Sedgwick employee Lucas J. Kaffenberger and Plaintiff's supervisor in which Plaintiff was in immediate danger of his employment being terminated due to receiving points for taking FMLA leave.

What is more, Sedgwick personnel are heard on various audio recordings to make inconsistent statements directly to Plaintiff about the leave he had remaining to make a given claim, including whether leave was available whatsoever. There is a clear inability seen by Safeway in an audio recording including top HR personnel to discern how to navigate and understand Sedgwick's leave system. There simply is not evidence supporting Sedgwick met its duty of care in teaching employees.

There is an apparent misleading (to Plaintiff) finger-pointing evident between Safeway and Sedgwick as to the role and responsibility of each party in administering FMLA benefits at least as the situation was described to Plaintiff. In audio recordings produced, Sedgwick at times deflects in voicemails left for

Plaintiff by stating that it had to rely on Safeway for determination of hours worked. The claims files produced by Sedgwick contain many references to communication with Safeway personnel that without providing details of many such instances resulted in adjusting information to cause Sedgwick to be able to represent to Plaintiff that he was or was not able to utilize benefits under FMLA.

V. **Conclusion**

Civil conspiracy is a valid claim which should not be dismissed. The fact that it is premised on illegal acts of Safeway does not prevent Sedgwick from its own liability stemming from involvement that allowed and was necessary to allow the illegal goals to be furthered. In any event, the claims against Sedgwick will be pled with greater particularity in the forthcoming amendment, which is going to be sought in order to conform to the evidence and ensure substantial justice is done.

WHEREFORE Plaintiff respectfully requests this Court dismiss claims against Sedgwick for outrageous conduct / intentional infliction of emotional distress and violations of the FMLA *without prejudice*, and otherwise deny Defendant Sedgwick's Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff requests that in lieu of dismissal of all claims Plaintiff be allowed to amend the complaint to conform to the evidence.

Respectfully Submitted,


s/ *Joseph R. Riegerix*
Joseph R. Riegerix
Law Offices of John D. Halepaska, LLC
600 17th Street, Suite 2800 S
Denver, Colorado 80202
Tel: (303) 228-7179
Fax: (303) 496-0194
joe@halepaskalaw.com
*Attorneys for Plaintiff Gavino Lucero*

## CERTIFICATE OF SERVICE

   I hereby certify that on September 24, 2021, I electronically filed the foregoing RESPONSE TO MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

J. Gordon Howard, Esq.
RUSSELL, OLIVER & STEPHENS, PLC
5178 Wheelis Drive
Memphis, TN 38117
gordonh@roslawgroup.com
*Counsel for Defendant Sedgwick*

Andrew Ringel, Esq.
Hall & Evans, LLC
1001 17th St., Suite 300
Denver, CO 80202
ringela@hallevans.com
*Co-Counsel for Defendant Sedgwick*

Gregory Eurich, Esq.
MILLER & STEIERT, PC
1901 W. Littleton Ave.
Littleton, CO 80120
geurich@m-s-lawyers.com
*Counsel for Defendant Safeway*

             __*s/Jackie Johnson*_____
              Jackie Johnson